UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELIQUE HEWITT,

    Plaintiff,

v.    Case No. 8:19-cv-83-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I. Procedural Background

Plaintiff applied for DIB on October 12, 2017 (Tr. 424–25). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 368–70, 372–77). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 380–408). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 13–24). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals

Council denied (Tr. 2–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1970, claimed disability beginning September 30, 2014 (Tr. 424–25). Plaintiff has at least a high school education (Tr. 28, 323). Plaintiff's past relevant work experience included work as a computer operator and a contact representative (Tr. 27). Plaintiff alleged disability due to compression fractures of the back, thoracic back injuries, chronic pain, bipolar disorder, anxiety, attention-deficit disorder, post-traumatic stress disorder, and obsessive-compulsive disorder (Tr. 439).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2017, and had not engaged in substantial gainful activity since September 30, 2014, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: dysthymic disorder, depression, unspecified bipolar disorder. generalized anxiety disorder, post-traumatic stress disorder, degenerative disc disease of the thoracic spine, closed fracture of thoracic vertebra, migraine headaches, obstructive sleep apnea, iron deficiency anemia, and diabetes mellitus (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with various limitations, including Plaintiff can understand, remember, carry out,

sustain, and otherwise perform simple, routine tasks and instructions. As a precaution due to stress, she should have no more than occasional interaction with the public, co-workers, and supervisors (Tr. 22).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 24). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work (Tr. 27). Given Plaintiff's background and RFC, however, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker and router (Tr. 29). The ALJ then found Plaintiff not disabled based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE (Tr. 29).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities,

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits her ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305

U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. Review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.  Analysis**

Plaintiff raises one general issue on appeal—whether the ALJ's RFC determination and hypothetical to the VE were supported by substantial evidence. Plaintiff argues that the ALJ erred by failing to: (i) include Plaintiff's need for a service dog as a reasonable work accommodation in his RFC finding and hypothetical to the VE; (ii) identify and resolve conflicts between the VE's testimony that employers would accommodate a service dog and the Dictionary of Occupational Titles ("DOT"); (iii) include Plaintiff's limitations in her ability to adapt to changes in work settings in his RFC

determination; and (iii) include Plaintiff's chronic headaches and her chronic anemia in his hypothetical to the VE. After a thorough review of the record and the parties' submissions, the Court concludes that Plaintiff presents no basis for reversal or remand.

**A. Service Dog**

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record on what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and must consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

Plaintiff cited no authority establishing when a service dog must be included in the ALJ's RFC assessment. However, courts addressing this issue have found that "the use of a service dog must be medically necessary to be considered in an RFC assessment." *Cruz v. Commr. of Soc. Sec. Administration*, 406 F. Supp. 3d 1337, 1346 (M.D. Fla. 2019) (citing *McGehee v. Berryhill*, 386 F. Supp. 3d 80, 87–88 (D. Mass. 2019) (collecting cases from various jurisdictions)). Whether a service dog is medically necessary depends, in

turn, on whether "the evidence shows that the service dog was medically prescribed or recommended." *Id.*

At the hearing, Plaintiff's counsel stated that Plaintiff's mental health has caused her to require a service dog. Plaintiff also provided evidence showing that her dog was certified as a service dog through Canine Partners for Patriots (Tr. 285, 289, 1034-37),[1] Plaintiff, however, points to no evidence showing that her service dog was medically prescribed or at least recommended by a medical source. *See cf. Cruz*, 406 F. Supp. 3d at 1347 (remanding the ALJ's decision because "there is evidence in the record indicating that Plaintiff's use of a service dog is medically necessary and is part of his treatment plan"). Without such evidence, the ALJ was not required to consider the need for a service dog in his RFC assessment. Therefore, the Court finds no error.

Likewise, the ALJ did not commit reversible error by failing to include the use of a service dog in his hypothetical to the VE. At step five of the sequential evaluation process, the ALJ must consider Plaintiff's RFC in combination with her age, education, and work experience to determine whether she can adjust to other work. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If Plaintiff can make such an adjustment, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Typically, where a plaintiff cannot perform a full range of work at a given level of exertion or where she has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that she can perform other jobs is through the testimony of a

---

[1] The Commissioner notes that Canine Partners for Patriots are not a medical source and that a service dog may be obtained without a medical prescription.

7

VE. *Jones*, 190 F.3d at 1229. If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that takes into account all of Plaintiff's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). However, "the ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161. As discussed above, Plaintiff's need for a service dog and any limitation arising from this need is unsupported. Therefore, the ALJ was not required to incorporate limitations arising out Plaintiff's need for a service dog in his hypothetical to the VE.

Further, the service dog was provided to Plaintiff on May 9, 2018, five months after her insured status had expired (*see* Tr. 18, 1034–37). Evidence that "relates to a time period after the eligibility determination at issue" is considered "irrelevant and immaterial." *Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 892 (11th Cir. 2011). Consequently, the ALJ was not required to consider Plaintiff's service dog in his RFC assessment or hypothetical to the VE. *See Adamo v. Comm'r of Soc. Sec.*, 365 F. App'x 209, 213 (11th Cir. 2010) (upholding the ALJ's decision to reject a physician's report in its entirety where, among other things, the opinion relied upon evidence created after the date last insured).

### B. Conflict Between the DOT and the VE's Testimony

The Court also rejects Plaintiff's argument that the ALJ failed to identify and resolve conflicts between the VE's testimony regarding Plaintiff's service dog and the DOT. At step five, the burden temporarily shifts to the Commissioner to show that other jobs exist in significant numbers in the national economy, which given Plaintiff's

8

impairments, she can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). In making the determination, "the ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the VE." *Washington v. Commr. of Soc. Sec.*, 906 F.3d 1353, 1360 (11th Cir. 2018). Occasionally, apparent conflicts between the DOT's jobs requirements and the VE's testimony arise. In those situations, the ALJ must identify the apparent conflicts and resolve them. *Id*. However, no apparent conflict arises between the DOT and a VE's testimony when the VE's testimony addresses job requirements unsupported by the DOT's text. *See Christmas v. Comm'r of Soc. Sec.*, 2019 WL 5681210, at *3 (11th Cir. Nov. 1, 2019) ("*Washington* does not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences").

During the hearing, Plaintiff's counsel asked the VE whether a service dog would be considered a work accommodation (Tr. 303). The VE answered that although the Americans with Disabilities Act ("ADA") provides certain guidelines as to service animals, they do not explain how that affects employment (*see* Tr. 305). The VE testified, however, that "[i]n my experience, most employers will accommodate [a service dog] but they do view it as a reasonable accommodation if they have all the proper paperwork with regards to what the animal is supposed to do." (Tr. 305). Plaintiff admits in her memorandum that the DOT "is silent with regard to the need for an individual to take a service dog to work both in general, and specifically the jobs cited by the VE that [Plaintiff] could perform" (Doc. 24 at 18). Given that no conflict exists where the DOT does not

9

address an issue raised by the VE's testimony, the Court finds no cause for remand as to this issue.

### C. Plaintiff's RFC and Limitations in Her Ability to Adapt to Work Changes

Plaintiff's contention that the ALJ's RFC finding fails to account for limitations in her ability to adapt to changes in work settings is equally unavailing. Plaintiff argues that despite finding the opinion of Dr. Jill Rowan, a non-examining physician, "persuasive" and "supported by the medical evidence," the ALJ failed to include in his RFC assessment Dr. Rowan's opinion that Plaintiff had "moderate limitations" in her ability to adapt to changes in the work setting (Doc. 24 at 14).

Assuming *arguendo* the ALJ erred by failing to specifically include a limitation in Plaintiff's ability to adapt to changes in work setting in his RFC finding, the ALJ's error is harmless. Notably, the ALJ's RFC assessment includes sufficiently related limitations to encompass Plaintiff's limitations in this area. *See Sheldon v. Commr. of Soc. Sec.*, No. 8:15-CV-1831-T-JSS, 2016 WL 4120444, at *5 (M.D. Fla. Aug. 3, 2016) (finding harmless error when an ALJ failed to specifically include in the RFC that Plaintiff was limited in his ability to interact with supervisors, but included restrictions that similarly accounted for such limitations). A review of Dr. Rowan's opinion shows that although she found Plaintiff had moderate limitations in her ability to respond appropriately to changes in the work setting, she also found Plaintiff could "consistently adapt to an ordinary, routine situation with few changes over the course of a work week." (Tr. 342–43). To account for Plaintiff's moderate mental impairments in his RFC assessment, the ALJ limited Plaintiff to understand, remember, carry out, sustain, and otherwise perform simple, routine tasks,

and instructions, and to no more than occasional interaction with the public, co-workers, and supervisors (Tr. 22). By limiting Plaintiff to perform simple and routine work, the ALJ properly accounted for Dr. Rowan's opinion. Accordingly, the ALJ's RFC assessment properly accounts for all of Plaintiff's mental limitations.

### D. The VE's Testimony and Plaintiff's Chronic Headaches and Anemia

Finally, Plaintiff argues in a perfunctory manner without supporting arguments and citations to authorities that the ALJ erred by failing to include Plaintiff's limitations regarding chronic headaches and chronic anemia in his hypothetical to the VE. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or cite authority about the claim). Although Plaintiff testified that she got chronic headaches two times a month and that she suffered from chronic anemia which required infusions at home weekly and monthly because she was too anxious to leave her house (Tr. 283, 286, 298–99), the ALJ discounted Plaintiff's subjective complaints because they were not entirely consistent with the medical evidence and other evidence in the record (Tr. 25). Plaintiff does not challenge the ALJ's credibility assessment. Therefore, the ALJ did not have to incorporate the claimed impairments in his RFC assessment or hypothetical to the VE because he properly discounted them. S*ee Crawford*, 363 F.3d at 1161. As a result, Plaintiff's argument is unavailing.

### V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on March 12, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE